# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**TORY CHESTER, # 77510-004**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 5:13cv71-DCB-MTP**

**MARCUS MARTIN**  **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*. *Pro se* Petitioner Tory Chester filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently at the Federal Corrections Complex in Yazoo City, Mississippi and attacks his sentence enhancement for brandishing a firearm during the commission of a crime of violence and drug trafficking. For this he was sentenced to the seven year mandatory minimum sentence. He argues he is actually innocent of brandishing the firearm and asks to be re-sentenced. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

On May 14, 2013, Petitioner filed the instant habeas petition challenging his sentence handed down from the Southern District of Florida. He alleges he was convicted in that court of the use of a firearm during a crime of violence or drug trafficking. That court sentenced him, on May 12, 2008. His sentence was enhanced for "brandishing" the firearm, causing him to be sentenced to a seven year mandatory minimum imprisonment.

Petitioner now brings this action under Section 2241 and argues he is actually innocent of brandishing a firearm because he never displayed it with the intent to intimidate. Rather, the only ones who allegedly saw his gun were his co-defendants.

**DISCUSSION**

Petitioner claims his sentence was improperly enhanced for brandishing his firearm because he never displayed the weapon to a victim and he did not use it to intimidate his co-defendants. He relies on the definition of "brandish" found in 18 U.S.C. § 924(c)(4). He proceeds under Section 2241, arguing that he did not know about his claim until after the statute of limitations for filing a 28 U.S.C. § 2255 petition had passed.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim that he was improperly sentenced for brandishing a firearm does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since the alleged constitutional violation regarding his brandishing enhancement "occurred at or prior to sentencing," it is not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit held:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal,

2

or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner contends he meets the requirements to proceed under the savings clause based on his actual innocence of brandishing a firearm. As Petitioner acknowledges, brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii) is considered a sentence enhancement. *United States v. O'Brien*, 130 S. Ct. 2169, 2179 (2010). The Fifth Circuit has disallowed claims attacking sentence enhancements under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (career criminal); *Austin v. Kastner*, 283 F. App'x 213, 214 (5th Cir. June 19, 2008) (brandishing a firearm); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (possession of a deadly weapon); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (career criminal). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230. Since Petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to Section 2241.

Accordingly, Petitioner's claims are not properly pursued under Section 2241, and the Petition for habeas relief shall be dismissed as frivolous. To the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above,

3

this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

    So ordered, this the 23rd day of May   , 2013.

                   s/David Bramlette
                    UNITED STATES DISTRICT JUDGE